NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT WILFORD; et al., | No. 19-55712 |
| Plaintiffs-Appellants, | D.C. No. 8:18-cv-01169-JLS-DFM |
| v. | |
| NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 19, 2022**

---

 *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral argument, set forth in the opening brief, is denied.

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Scott Wilford, Bonnie Hayhurst, Rebecca Friedrichs, Michael Monge, Harlan Elrich, Jelena Figueroa, and Gene Gray appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 putative class action alleging First Amendment and state law claims arising out of compulsory agency fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and for lack of subject matter jurisdiction. *Serra v. Lappin*, 600 F.3d 1191, 1195-96 (9th Cir. 2010). We affirm.

The district court properly dismissed plaintiffs' claim for retrospective monetary relief because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448, 2486 (2018). *Danielson v. Inslee*, 945 F.3d 1096, 1097-99, 1102-03 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 1265 (2021) (explaining that plaintiffs' claim for monetary relief was for damages and not restitution, but "[e]ven accepting Plaintiffs' restitutionary premise, the equities do not weigh in favor of requiring a refund of all agency fees collected pre-*Janus*").

The district court properly dismissed as moot plaintiffs' claims for prospective relief because defendants stopped deducting and receiving agency fees

after the Supreme Court's decision in *Janus* disallowed the deduction or receipt of agency fees in their collective bargaining agreements, stopped enforcing statutes permitting the deduction of agency fees, and demonstrated that they are unlikely to rescind the policy changes. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189-90 (2000) (explaining voluntary cessation and mootness); *cf. Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (explaining that the mere existence of a proscriptive statute does not create a constitutionally sufficient direct injury).

The district court properly dismissed plaintiffs' state law claims because plaintiffs failed to allege facts sufficient to state a plausible claim. *See* Cal. Gov't Code § 3515.7 (permitting collection of agency fees); *City of San Jose v. Operating Eng'rs Local Union No. 3*, 232 P.3d 701, 705-07 (Cal. 2010) (explaining that California's Public Employment Relations Board has exclusive jurisdiction over activities arguably protected or prohibited by the state's relevant labor law, including unfair practices); *El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*, 663 P.2d 893, 901-02 (Cal. 1983) (setting forth California's preemption doctrine).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**